IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERWIN THOMAS VERA, : | |
| : | No.   1:12-cv-2525 |
| Plaintiff, : | |
| : | Hon. John E. Jones III |
| v. : | |
| : | |
| PENNSYLVANIA HIGHER : | |
| EDUCATION ASSISTANCE : | |
| AGENCY, : | |
| : | |
| Defendant. : | |

## MEMORANDUM

### March 12, 2013

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendant Pennsylvania Higher Education Assistance Agency's Motion to Dismiss Plaintiff's Complaint (Doc. 3). The Motion is deemed unopposed pursuant to Local Rule 7.6. For the reasons detailed herein, we will grant the Defendant's Motion in its entirety and dismiss Plaintiff's Complaint with prejudice.

**I.     FACTUAL BACKGROUND[1] & PROCEDURAL HISTORY**

Plaintiff Erwin Thomas Vera ("Plaintiff" or "Vera") is an adult of Hispanic/Puerto Rican descent. (Doc. 1 ¶ 1). Defendant Pennsylvania Higher

---

[1] In accordance with the applicable standard of review, the following facts are derived from the Complaint (Doc. 1) and viewed in the light most favorable to the Plaintiff.

Education Assistance Agency ("Defendant" or "PHEAA") is a public corporation and government instrumentality of the Commonwealth of Pennsylvania. (Doc. 1 ¶ 2). Vera has been an employee of PHEAA since June of 1990. (Doc. 1 ¶ 10).

In May of 2006, Vera was demoted from "Vice President of Product Management in Client Relations" to "Assistant Vice President 3". (Doc. 1 ¶¶ 28, 35). Vera filed a discrimination charge against PHEAA with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC") on October 27, 2006. (Doc. 1 ¶ 52). In September of 2008, he was again demoted, this time to "Portfolio Manager 3". (Doc. 1 ¶ 50).

On February 23, 2009, Vera filed a complaint in this Court, docketed as 1:09-cv-00341, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. (Doc. 1 ¶ 59). On April 9, 2012, Vera sought leave to file an amended complaint in order to include in his allegations several events that occurred in 2010 and 2011. (Doc. 1 ¶ 60). Specifically, Vera sought to allege that on November 1, 2010, he began an extended absence under the Family and Medical Leave Act ("FMLA") and was informed approximately three weeks later that his position with PHEAA was in jeopardy and that he would have to apply for his own job. (Doc. 1 ¶¶ 55, 56). On December 22, 2010, while still on FMLA leave, Vera was notified that he was not selected for his position and that he would

return to PHEAA in a different position at reduced pay when he returned from FMLA leave. (Doc. 1 ¶¶ 57, 58). On July 10, 2012, the Court denied Vera's motion seeking leave to amend his complaint and granted summary judgment for PHEAA as to Vera's retaliation claims. (Doc. 1 ¶ 61). On February 26, 2013, Chief Magistrate Judge Carlson issued a Report and Recommendation recommending that PHEAA's motion for summary judgment on Vera's remaining discrimination claims be granted and that the case be marked closed. (1:09-cv-00341, Doc. 145). Objections are not due until March 15, 2013, and so the Court has not yet determined whether to adopt the Report and Recommendation.

On December 18, 2012, Vera filed his Complaint (Doc. 1) in this action, alleging disparate treatment and disparate impact in relation to race/national origin in violation of Title VII and race/national origin discrimination in violation of the Pennsylvania Human Relations Act. (Doc. 1 ¶¶ 70-75). On February 14, 2012, Defendant filed the instant Motion to Dismiss (Doc. 3) and brief in support thereof (Doc. 4). Local Rule 7.6 requires that a brief in opposition be filed within fourteen (14) days of receipt of the movant's supporting brief. As of the date of this Memorandum, twenty six (26) days have elapsed since the electronic filing of Defendant's brief. Plaintiff still has not filed a brief. Accordingly, pursuant to Local Rule 7.6, Defendant's motion is deemed unopposed.

## II. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the

complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 588 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## III. DISCUSSION

PHEAA argues that Vera's Complaint merely recharacterizes, as discrimination rather than retaliation, claims that this Court denied him permission to include in his first suit. (Doc. 4 at 1). Vera's complaint in the 2009 suit covered his discrimination and retaliation claims for all the factual allegations in his Complaint in this suit, with the exception of paragraphs 55-58. (Doc. 1 ¶¶ 59, 60). Therefore, we will focus on the allegations in paragraphs 55-58 of Vera's Complaint, as Vera is barred from relitigating allegations which were included in the 2009 suit. PHEAA also argues that Vera has failed to exhaust his administrative remedies as required by Title VII. PHEAA's arguments have not been opposed by Vera.

Title VII requires that plaintiffs exhaust certain procedural requirements

6

prior to filing suit in federal court.  *See* 42 U.S.C. § 2000e-5.  One of these requirements is that a plaintiff must file a Charge of Discrimination with the EEOC.  *Id.*  A plaintiff cannot file suit in federal court until the EEOC has investigated the charge and issued a Right to Sue letter.  *Id.*  When the suit is filed, it "is limited to claims that are within the scope of the initial administrative charge."  *Barzanty v. Verizon Pennsylvania, Inc.*, 361 F.App'x. 411, 413-414 (3d Cir. 2010) (citing *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996)).

    Vera's EEOC charge, filed in July of 2011, concerns only a few specific acts which Vera alleges were taken in retaliation for the filing of his 2009 suit.  (Doc. 4, Ex. E).  The document is titled "Retaliation Events by PHEAA for Consideration and Pos[s]ible Submission to EEOC".  (Doc. 4, Ex. E at 4).  The three events described are labeled as "Retaliation Event #1", "Retaliation Event #2", and "Retaliation Event #3".  (Doc. 4, Ex. E).  Vera wrote that he believed "the motivation for these actions was in retaliation for the discrimination and retaliation claim I had filed against PHEAA."  (Doc. 4, Ex. E at 4).  He also wrote that "I perceived the actual reason for the demotion and loss of pay retaliatory. I believe that PHEAA continues to use workforce reductions as a camouflage to retaliate against me for filing discrimination and retaliation complaints against PHEAA."  (Doc. 4, Ex. E at 6).  Nowhere in Vera's written statement does he mention

disparate treatment, disparate impact, or any other type of discrimination relating to his race or national origin. The alleged harm is framed solely as retaliation for his prior complaints.

Because Vera's EEOC charge discusses only retaliation, claims for disparate impact and disparate treatment on the basis of race or national origin fall outside the scope of his administrative filing. Accordingly, Vera has failed to exhaust his administrative remedies and his Complaint shall be dismissed. The Complaint shall be dismissed with prejudice because Vera is time-barred from filing a new EEOC charge based on the facts at issue here. *See* 42 U.S.C. § 2000e-5(e) (requiring that a charge must be filed with the EEOC within 300 days after an "allegedly unlawful employment practice occurred.").

## IV. CONCLUSION

For all of the reasons articulated in Defendant's brief (Doc. 4) and in this Memorandum, we will grant Defendant's unopposed Motion to Dismiss (Doc. 3) and dismiss Plaintiff's Complaint in its entirety. An appropriate Order shall issue.